IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LOUIS N. LOWE,

        Petitioner,

    v.

WARDEN, NOBLE
CORRECTIONAL INSTITUTION,

        Respondent.

CASE NO. 2:15-CV-2466
JUDGE GREGORY L. FROST
Magistrate Judge Elizabeth P. Deavers

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition*, Respondent's *Motion to Transfer,* Petitioner's *Response in Opposition to Motion to Transfer and/or in the Alternative Motion to Stay,* and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Transfer* (ECF No. 6) be **GRANTED**; that Petitioner's *Motion to Stay* (ECF No. 7) be **DENIED;** and that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

Petitioner challenges his May 15, 2009 conviction on murder with a firearm specification made pursuant to his guilty plea in the Franklin County Court of Common Pleas. He did not file an appeal. On March 9, 2010, he filed a petition for post-conviction relief, which the trial court denied as untimely. On August 11, 2011, the appellate court affirmed the judgment of the trial court. *State v. Lowe*, No. 10AP-584, 2011 WL 3557103 (Ohio App. 10th Dist. Aug. 11, 2011). On April 1, 2014, Petitioner filed a motion to withdraw his guilty plea. The trial court denied the motion as barred by Ohio's doctrine of *res judicata. See State v. Lowe*, 2015 WL 428061, at *1 (Ohio App. 10th Dist. Feb. 3, 2015). On February 3, 2015, the appellate court affirmed the

judgment of the trial court. *Id*. On May 20, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Lowe*, 142 Ohio St.3d 1468 (Ohio 2015).

Meanwhile, on February 16, 2012, Petitioner filed his first federal habeas corpus petition. *Lowe v. State of Ohio*, Case No. 2:12-cv-00142. On February 25, 2014, the case was dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). *See id*.

On June 29, 2015, Petitioner filed the instant habeas corpus petition. He asserts that his guilty plea was not knowing, intelligent, and voluntary, because the trial court, prosecutor, and defense counsel failed to inform him that he was waiving his right to face his accuser. It is the position of the Respondent that this action should be transferred to the Sixth Circuit for authorization for filing as a successive petition.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Nelson v. United States*, 115 F.3d 136 (2nd Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088 (11th Cir.), *cert. denied*, 520 U.S. 1203 (1997). Within the Sixth Circuit, unless the court of appeals has given approval for the filing of a second or successive petition, district courts must transfer the petition to the appellate court. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curia*). Under § 2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Nunez v. United States*, 96 F.3d 990 (7th Cir. 1996).

In light of the foregoing authority, this Court is without jurisdiction to entertain a second or successive § 2254 petition unless the Sixth Circuit has authorized the filing of such a petition. The Sixth Circuit, in turn, will issue this certification only if petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2).

The Sixth Circuit has set forth the following procedure for addressing a second or successive petition filed in the district court without § 2244(b)(3)(A) authorization:

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

*In re Sims*, 111 F.3d at 47; *see also Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996) (per curia).

Petitioner, however, asserts that the his *Petition* should not be considered to be successive because his claim was not ripe at the time he filed his earlier habeas corpus petition and also because he did not earlier raise the claim in the state appellate court proceedings due to his status as an incarcerated litigant proceeding without counsel. Petitioner maintains that, had he attempted to raise this claim earlier, it would have been dismissed as premature or unexhausted.

"The mere fact that a petitioner has previously filed a petition pursuant to § 2254 does not necessarily mean that a subsequent petition filed pursuant to § 2254 is a 'second or successive'

3

petition." *Roberts v. Gansheimer*, No. 1:10cv2619, 2011 WL 7637550, at *8 (N.D. Ohio Dec. 21, 2011) (citing *In re Salem*, 631 F.3d 809, 812 (6th Cir. 2011) (citing *Panetti v. Quarterman*, 551 U.S. 930, 944 (2007)); *In re Cook*, 215 F.3d 606, 607 (6th Cir. 2000)).

A subsequent § 2254 federal habeas corpus petition is not deemed to be a second or successive petition if:

> the claims asserted in that petition were not ripe at the time an earlier petition was filed, *see Stewart v. Martinez–Villareal*, 523 U.S. 637, 643–46, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998) (finding that when a second petition presents a claim identical to a claim that was included in an earlier petition but was not yet ripe for review, the court should treat both petitions as a single application for habeas relief), or (2) if the subsequently filed petition attacks a state court judgment that was not attacked in the previous petition. *Magwood v. Patterson*, 561 U.S. 320, 130 S.Ct. 2788, 2796, 177 L.Ed.2d 592 (2010).

*Quinn v. Forshey*, No. 3:14cv1758, 2015 WL 3824453, at *25 (N.D. Ohio June 19, 2015). For example, in *Martinez–Villareal,* the Petitioner asserted in his first habeas corpus petition, *inter alia,* that he was not competent to be executed. The District Court dismissed that claim as premature because his execution had not been scheduled, but decided the merits of the remaining claims. When a warrant issued for execution, the issue of his competency to be executed had ripened for review and was not deemed to be filed in a second or successive petition. *See In re Salem*, 631 F.3d 809, 812 (6th Cir. 2011) (citing *Martinez-Villareal*, 523 U.S. at 637)). Similarly, in *In re Salem*, a numerically second petition was not deemed to be successive where the District Court declined to address in the first habeas corpus petition the claim as unripe because it had issued a conditional writ on the claim and because it was pending a constitutional hearing that had not yet to occurred. *Id*. at 813. *See also Phillips v. Robinson*, No. 5:12cv2323, 2013 WL 3996756, at *11 (N.D. Ohio Aug. 2, 2013) (claims based on Ohio's new execution protocol adopted after the dismissal of the first habeas corpus petition were not ripe for review at

4

that time); *Lang v. United States*, 474 F.3d 348, 351-52 (6th Cir. 2007) (habeas corpus petition not successive where it challenges new claims that arose at re-sentencing) (citations omitted). However, a petitioner with unexhausted claims who elects to proceed to adjudication of his exhausted claims may not later assert that a subsequent petition is not second or successive merely because his new claims were unexhausted at the time he filed his first habeas corpus petition. *Burton v. Stewart*, 549 U.S. 147, 154 (2007).

Here, Petitioner asserts that his guilty plea was not knowing, intelligent, or voluntary. The factual basis for this claim was apparent at the time of the filing of Petitioner's first habeas corpus petition, and it was ripe for review at that time.

**Recommended Disposition**

The Magistrate Judge therefore **RECOMMENDS** that Respondent's *Motion to Transfer* (ECF No. 6) be **GRANTED**; that Petitioner's *Motion to Stay* (ECF No. 7) be **DENIED;** and that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed regarding whether a certificate of appealability should issue.

    /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE