IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LOUIS N. LOWE,

    Petitioner,

    v.

WARDEN, NOBLE
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:15-CV-02466
JUDGE GREGORY L. FROST
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On January 14, 2016, the Magistrate Judge issued a *Report and Recommendation* recommending that Respondent's *Motion to Transfer* (ECF No. 6) be granted, that Petitioner's *Motion to Stay* (ECF No. 7) be denied, and that this action be transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition. (ECF No. 8.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 9.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 9) is **OVERRULED**. The *Report and Recommendation* (ECF No. 8) is **ADOPTED** and **AFFIRMED**. Respondent's *Motion to Transfer* (ECF No. 6) is **GRANTED**; Petitioner's *Motion to Stay* (ECF No. 7) is **DENIED**; and this action is hereby **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

Petitioner objects to the Magistrate Judge's determination that this habeas corpus petition constitutes a successive petition. He argues that this action does not constitute a successive petition, because he did not learn the basis for his claims until he was transferred from federal to state custody, after the time of the filing of his first habeas corpus petition. He argues that his

claims did not become "ripe" until he was able to obtain discovery, transcripts, and information regarding Ohio law and procedure.  Petitioner additionally objects to a transfer of this action to the Sixth Circuit for a determination of whether it is successive as improper.

Petitioner's *Objection* is not well taken.  Pursuant to 28 U.S.C. § 2244, the Petitioner must obtain authorization for the filing of a second or successive habeas corpus petition from the United States Court of Appeals.  This Court determines whether a petition constitutes a successive petition prior to transferring the case to the Court of Appeals.  *In re Smith*, 690 F.3d 809 (6th Cir. 2012).

> Whether a petition (a term we use interchangeably with "application") is "second or successive" within the meaning of § 2244(b) does not depend merely on whether the petitioner filed a prior application for habeas relief. The phrase is instead "a 'term of art' that is 'given substance' by the Supreme Court's habeas cases." *In re Salem*, 631 F.3d 809, 812 (6th Cir.2011) (quoting *Slack v. McDaniel*, 529 U.S. 473, 486, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).  Accordingly, in a number of cases, the Court has held that an application was not second or successive even though the petitioner had filed an earlier one. In *Stewart v. Martinez–Villareal*, 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998), the petitioner filed a second petition that presented a claim identical to one that had been included in an earlier petition. The claim had been unripe when presented in the earlier petition. The Court treated the two petitions as "only one application for habeas relief [.]" *Id.* at 643, 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849. In *Panetti v. Quarterman*, 551 U.S. 930, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007), the Court held that an application that presented a claim that had not been presented in an earlier application, but that would have been unripe if it had been presented then, was not second or successive. *Id.* at 945, 551 U.S. 930, 127 S.Ct. 2842, 168 L.Ed.2d 662.  In *Magwood v. Patterson*, ––– U.S. ––––, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010), the Court made clear that an application challenging an earlier criminal judgment did not count for purposes of determining whether a later application challenging a new judgment in the same case was second or successive. Id. at 2797–98.

*Storey v. Vasbinder*, 657 F.3d 372, 376–77 (6th Cir. 2011) (a habeas corpus petition filed after a remedial appeal does not constitute a successive petition).

Here, Petitioner asserts that his May 15, 2009, guilty plea to a charge of murder in the Franklin County Court of Common Pleas was not made knowingly, intelligently, or voluntarily. The Court notes that Petitioner raised a similar claim in his prior habeas corpus petition, as well as arguing that he had been denied the effective assistance of counsel and that Ohio's time limitations for the filing of a petition for post-conviction relief under O.R.C. § 2953.21 violates due process. *See Lowe v. State of Ohio,* Case No. 2:12-cv-142 (S.D. Ohio Feb. 25, 2014). Therefore, it appears that he had adequate access to his files as well as to information regarding Ohio law prior to the filing of this action.   In any event, the factual basis for his claim that his guilty plea was not knowing, intelligent, or voluntary plainly was apparent at the time of his prior federal habeas corpus petition, and it was ripe for review at that time.  Petitioner's *Objection* (ECF No. 9) therefore is **OVERRULED.**

The *Report and Recommendation* (ECF No. 8) is **ADOPTED** and **AFFIRMED**. Respondent's *Motion to Transfer* (ECF No. 6) is **GRANTED**; Petitioner's *Motion to Stay* (ECF No. 7) is **DENIED**; and this action is hereby **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as a successive petition.

**IT IS SO ORDERED.**

   /s/ GREGORY L. FROST
GREGORY L. FROST
United States District Judge